# Cases

# THIRD DEPARTMENT,

AT

## GENERAL TERM,

### November, 1883.

FRANK WILSON, as Surviving Executor, etc., of LOREN
WILSON, Deceased, Respondent, v. HENRY R. REY-
NOLDS and Others, Appellants.

*Evidence — personal transactions with a deceased person — what are to be considered
as such — when a party to the transaction cannot testify as to what was said and
done by the others in his presence — Code of Civil Procedure, sec. 829.*

In this action, brought to foreclose a mortgage given to the plaintiff's testator,
by the defendants, Reynolds and his wife, the defense of usury was set up by
them. Upon the trial Reynolds, having been sworn for the defendants, was
asked whether Wilson, the plaintiff's testator, took any part in the signing of
the mortgage.

*Held,* that as the giving of the mortgage was a personal transaction between the
deceased and the witness the testimony was properly excluded under section
829 of the Code of Civil Procedure.

The defendants then offered to prove by him that Wilson was not at the table
and took no part in the execution of the mortgage, either by conversation or
otherwise.

*Held,* that the evidence was properly excluded.

The witness was then asked at what time and at what place was the money paid
for which the mortgage was given.

*Held,* that the testimony related to a personal transaction, and was properly
excluded.

His wife, one of the parties defendant, was sworn on behalf of the defendants,
and asked whether at the meeting between herself, her husband and Wilson,
any money was paid by Wilson to her husband, and whether she had any con-
versation with Wilson. The defendants also offered to show by her that she

was sitting in the office twenty feet away, and saw Wilson pay to Reynolds $950, and heard Reynolds say to Wilson "here is 950, as we agreed."

*Held*, that as the loan was made to the defendants, the husband and wife, and the bond and mortgage were made and delivered by them, the wife was a party to the transaction, and her testimony as to what then occurred was properly excluded, even though she took no active part therein.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*W. H. Sawyer*, for the appellants.

*Leslie W. Russell*, for the respondent.

LEARNED, P. J.:

This is an action to foreclose a bond and mortgage of $1,000 given by Reynolds and his wife, defendants, to Loren Wilson, plaintiff's testator. The defense was usury, in that the plaintiff agreed to loan the defendants $1,000, and was to receive a bonus of $50, and that he delivered them only $950, for which sum the bond and mortgage of $1,000 was given.

The questions presented on the appeal arise on the exclusion of evidence under section 829, Code of Civil Procedure.

Reynolds having been sworn as a witness for the defendants, was asked, did Wilson take any part in the signing of that mortgage? And this was excluded, we think, properly. The giving of the mortgage was a personal transaction between the deceased and the defendant.

Again there was an offer to prove that Wilson was not at the table and took no part in the execution of the mortgage either by conversation or otherwise. This bond and mortgage purported to be a personal transaction between the deceased and the defendant. (*Koehler* v. *Adler*, 91 N. Y., 658.) The testimony offered was intended, in some way, to affect that personal transaction. (*Pinney* v. *Orth*, 88 N. Y., 447.) No witness had previously testified, as was the case in the case last cited.

Again the witness was asked at what time and at what place was the money paid for which the mortgage was given. This was a transaction with the deceased. The money was loaned by the

deceased, and testimony as to the time and place was testimony *concerning* the personal transaction.

The defendant Lucinda Reynolds, one of the parties to the mortgage, was called as a witness for the defendants, and several questions were put to her, viz., whether at the time of the meeting between herself, her husband and Wilson, any money was paid by Wilson to her husband; whether she had any conversation with Wilson; who delivered the bond and mortgage. Offer was also made to show by her that she was sitting in the office, twenty feet away, and saw Wilson pay Reynolds $950, and heard Reynolds say to Wilson, "here is $950, as we agreed." Now the transaction was, as averred by the answer, a loan to the defendants, and by the answer the bond and mortgage was made and delivered by the defendants to the plaintiff, and the money was received by the defendants. Lucinda Reynolds then was a party to the transaction, just as she was a party to the mortgage. She was not a mere spectator of the dealing between her husband and Wilson, but she was present and having a personal transaction with Wilson.

Where two persons on the one side make a bargain with a third, all three being present, and one of the two does all the talking on their side, if the other is not having a personal transaction with the third, under the section in question, then the evil against which the exception in that section is aimed has not been prevented. And we can best interpret that section by noticing its evident object. (*Farnsworth* v. *Ebbs,* 9 Sup. Ct. N. Y. [2 Hun], 438; *Holcomb* v. *Holcomb,* 27 id. [20 Hun], 159.)

Again, the defense, on behalf of Lucinda Reynolds, offered to prove by Henry R. Reynolds that Lucinda did not participate in the negotiation except by signing the mortgage. This was an offer to prove something in regard to a personal transaction which Henry R. Reynolds had with the deceased. It was testimony concerning this personal transaction, and was inadmissible.

The provisions of this section are wise. Great injustice might be done if such testimony could be given of transactions with a party, to which, by reason of his death, he could make no reply. And the principle which lies at the bottom of this provision of the statute should be faithfully applied, however ingeniously the questions and offers may be made.

We do not think that the evidence of Burnham was conclusive, so as to require a reversal on the question of fact.

The judgment is affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.