THE SARATOGA COUNTY BANK, Respondent, *v.* AMOS LEACH, Appellant.

*Evidence — transaction with a deceased person — what testimony does not relate thereto within the meaning of section 829 of the Code of Civil Procedure.*

This action was brought upon a promissory note purporting to be made by the defendant to the order of one Leach, by whom it was indorsed and transferred to the plaintiff. The defense was that the signature of the defendant was forged. Upon the trial the defendant, having been sworn in his own behalf, was shown the note and asked, "Is the signature to this paper, marked 'A.' (the note in suit), your signature?" An objection interposed by the plaintiff that the question was inadmissible, under section 829 of the Code of Civil Procedure, as calling for a personal transaction with the payee, who was then dead, was sustained by the court.

*Held,* that it erred in so doing. (Bookes, J., dissenting.)

APPEAL from a judgment of the Saratoga County Court, affirming a judgment in favor of the plaintiff rendered by a justice of the peace.

This action was brought to recover the amount due on a promissory note, purporting to have been made by the defendant to Abram C. Leach, and indorsed by the latter to the plaintiff. The defense was that the name of the defendant was a forgery.

The plaintiff proved that the note was received by the bank from the payee named in it, by whom it was indorsed, and for whom it was discounted ; he also gave evidence to the effect that the signature to the note was that of the defendant ; also that the payee was dead. The defendant was then sworn in his own behalf and was asked this question : " Is the signature to this paper, marked 'A' (the note in suit), your signature ? " The objection was interposed that the question was inadmissible under section 829 of the Code of Civil Procedure, it appearing that the payee, from and through whom the plaintiff derived title to the note, was dead. The objection was sustained. The defendant then offered to show, by his own testimony, that his signature to the note was a forgery ; that he never saw the note until that day and never signed it. It was thereupon stated in behalf of the plaintiff that no objection would be made to any offers made by the defendant, but that objections to questions would be interposed when put. No ruling was made on the offer, and the case was submitted without further proof or offer of proof. The plaintiff had judgment for the amount of the note which on appeal was affirmed by the County Court.

*W. B. French*, for the appellant.

*C. A. Waldron*, for the respondent.

LEARNED, P. J. :

As a general rule at this day every person is a competent witness. In order to give a proper construction to the exception contained in section 829, we must understand the reason. That plainly is the *unfairness* of permitting one person to testify to a personal transaction or communication with another, when the mouth of the latter is closed by death, so that he cannot give his version of the transaction or communication.

Now applying that reason to the present case we see that for a person to testify in regard to a name at the bottom of a note, " that is not my signature," has no element of unfairness. The genuineness of a signature is a matter which may be shown by evidence not in the least connected with any personal transaction between the alleged maker and the payee. It is not a transaction personal between maker and payee.

When there is an attempt to prove a verbal contract or a conversation between a witness and a deceased party, the only possible evidence may be that of the two persons. But the genuinesss of a signature is shown by comparison and by the testimony of those familiar with handwriting. Indeed to a great extent the testimony of the person whose the signature is claimed to be, is based only on familiarity with his own signature, and is, therefore, of the same character with that of other witnesses to handwriting.

There is another difficulty. The plaintiff insists that because he has given *prima facie* evidence of the genuineness of the signature, the defendant cannot testify in his own behalf to the contrary. Suppose then that the defendant by other evidence had overwhelmed this *prima facie* evidence, could the plaintiff still insist that the testimony which the defendant offered to give by himself as a witness was " concerning a personal transaction." According to the supposition, the " personal transaction " would have been practically disproved by competent evidence. It will be found, very generally if not always, that the point whether or not the testimony *is* concerning a personal transaction appears *by the testimony* itself which is offered, and is not dependent upon some other matter which is in dispute.

The plaintiff urges that as he had proved *prima facie* the signature, the law presumed from that fact the delivery, and that the delivery must have been a personal transaction, and hence the defendant cannot himself testify that the signature is not his because that testimony inferentially denies the delivery, which must be a personal transaction. It is not quite accurate to say that the genuineness of the signature is the presumptive evidence of delivery. Rather it is the plaintiff's possession, which is presumptive evidence of delivery. Proof of the genuineness of the signature of a note which is in the maker's possession, affords not the least presumption

that the note has been delivered. The possession by the maker affords a presumption to the contrary. On the other hand, the possession by the payee, or one claiming under him, does afford a presumption of delivery. Therefore the argument fails that for the alleged maker to testify that the signature is not his, is to give evidence touching the fact of delivery, and hence of a personal transaction with the payee. The personal transaction, if any, must have been the delivery of the note (by whomever signed) to the deceased by or for the defendant. On this point the defendant was not questioned. In illustration of these views we refer to *Pinney v. Orth* (88 N. Y., 447, at 451); *Lewis v. Merritt* (98 id., 206).

Judgment reversed, with costs of all courts.

LANDON, J., concurred.

BOCKES, J. (dissenting):

It will be observed that the case stands simply and alone on the excluded question put to the defendant, whether he signed the note in suit — that is, in effect, whether he made and delivered the note to the payee, from and through whom the plaintiff derived title to it.

I am of the opinion that the ruling of the justice was correct. On the proof before the court there was a legal presumption ; that is, *it stood proved* that the defendant made and delivered the note to the deceased payee. The defendant proposed to disprove that fact by his own testimony. This necessarily involved a personal transaction between himself and the deceased from whom the plaintiff derived title. It is said that the proof proposed to be given went but to disprove a legal inference deducible from the evidence put in on the part of the plaintiff. But such evidence would be inadmissible coming from the defendant in a case like the present. (*Johnson v. Spies*, 5 Hun, 468 ; *Jacques v. Elmore*, 7 Hun, 675 ; *Wilson v. Reynolds*, 31 Hun, 46.) But, in point of fact, the proposed evidence pointed directly to a personal transaction between the defendant and the deceased. It related to the making and delivery of the note by the former to the latter — a personal transaction between them. That this was such cannot well be disputed. (*Van Gelder v. Van Gelder*, 81 N. Y., 625 ; *Denman v. Jayne*, 16

Abb. [N. S.], 317.) (*Holcomb* v. *Holcomb*, 95 N. Y., 316, 325.) Suppose the defendant had been allowed to answer that he did not sign the note, and the justice had then (the case being submitted on all the evidence) given judgment for the defendant, that is, had given judgment in accordance with the defendant's testimony. In that case would not the defendant's evidence have gone directly to the matter of a personal transaction between himself and the deceased? Certainly such would be the case, and the evidence given bearing on such transaction, which the deceased, if living, might by his own testimony contradict, would constitute the basis of the decision. Plainly, as I think, the question to the defendant was inadmissible. (See remarks of SMITH, J., in *Welch* v. *Adams*, 1 Eastern Rep., 545, 546.) The following cases have a bearing on the question and, as I think, sustain the ruling here complained of. (*Mulqueen* v. *Duffy*, 6 Hun, 299 ; *Wilson* v. *Reynolds*, 31 id, 46, 47 ; *Oliver* v. *Freligh*, 36 id, 633.) Evidence otherwise inadmissible in a case like the present may be admissible to contradict a statement made by another witness. (*Gorham* v. *Price*, 25 Hun, 11 ; *Pinney* v. *Orth*, 88 N. Y., 451.) Such, however, is not the case. (See, also, *Koehler* v. *Adler*, 91 N. Y., 657, 658 ; *Lewis* v. *Merritt*, 98 N. Y., 206, which are claimed to support the appellant's position.) I see nothing, however, in the reasoning in these cases against the ruling here challenged. Now, the proposed evidence in answer to the excluded question, was that which the deceased payee, if living, might, by his own testimony, contradict, and did not go to the contradiction of the statement of another witness. It should hence be excluded, as I think, because within both the letter and policy of the law as declared in section 829 of the Code. The only case I find in support of the claim that the question was admissible is *Evans* v. *Ellis* (22 Hun, 460) reported in a brief memorandum. It is without a citation of any authority in its support and without any reasoning upon the subject, and seems against the entire current of the decisions. It can hardly be deemed authoritative.

In my opinion the judgment of the County Court affirming that of the justice should be affirmed.

Judgment reversed, with costs of all courts.