Learned, P. J.
This action of partition really involved the validity of the will of Platt'P. Doughty. The question was as to his competency, and the matter was closely contested. The alleged will contained a clause, “ My daughter Helen E. Doughty, now wife of David J. Hegeman has already received from her share $285,” Mrs. Hegeman was called as a witness for defendants. The clause was read to her. She was ashed what she knew about it. Objection was made that she could not testify under § 829, she was herself a party and interested to defeat plaintiff’s claim to the action. The objection was overruled. She testified “ I know nothing of it, I never had it,” the plaintiff moved to strike out the answer for the same reasons and this was refused, and exceptions taken.
That was evidence by her that she had never received during her father’s life-time $285 of his estate. It was introduced to show the forgetfulness of her father when he made the will. Its relevancy therefore depended on its being a denial by her of ap act said to have been done by him. If it be said that the $285 might have been paid by some one other than the father the answer is by her testimony, that neither he nor anyone else, paid it from, his estate. If she could not be permitted to testify that her father never paid her the $285, she could not evade the prohibition by testifying that no one paid it to her. If she had testified “ I never had it from any one except my father,” the testimony would have been unobjectionable and useless.
If this were an appeal from a surrogate’s decree, probably we might overlook this matter as unimportant. Sect. 2545. But it may have influenced the referee to know that the testator had been in error as to the alleged fact.
The plaintiff had given no evidence as to the fact of the gift excepting the production of the rvill. So that this is not a case of contradicting evidence already given by the other side. Pinney v. Orth, 88 N. Y., 447.
It seems to us that this evidence was improperly admitted.