### NISKERN v. HAYDOCK.

(Supreme Court, Appellate Division, Second Department. December 21, 1897.)

1. DECLARATIONS OF EXECUTOR.

    The declaration of an executor before he became such is not admissible against him in his representative capacity.

2. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.

    In a proceeding against an executor to recover for personal services rendered to the testator, the fact that a legatee under the will, whose legacy the estate is sufficient to satisfy in full, regardless of the fate of the claim in suit, testifies on behalf of the defendant to a personal transaction between plaintiff and the testator, does not open the door to admit plaintiff's testimony concerning it, under Code Civ. Proc. § 829.

Appeal from judgment on report of referee.

Action by Sarah Frances Niskern against George R. Haydock, as executor of Melicent Stebbins, deceased. From a judgment in favor of plaintiff on the report of a referee, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frank L. Young, for appellant.

Elmer P. Smith, for respondent.

CULLEN, J. This proceeding is a reference, under the statute, of a claim against the estate of a deceased person. The plaintiff sought to recover for personal services rendered to the deceased. The defendant denied both the rendition of the services and their alleged value. On the trial the plaintiff was permitted to prove a conversation between herself and the defendant, Haydock, concerning the merits of her claim, which took place prior to the death of the deceased, and also to place in evidence a letter written by the defendant to her about the same time. This evidence was admitted against the defendant's objection and exception. The admission of this evidence was clearly erroneous. The rule is settled that the declaration of a trustee before he came into the trust, or of an executor before he became such, is not admissible against him in his representative capacity. 1 Phil. Ev. (Cowen & H. Ed.) 483; Fitzmahony v. Caulfield, 67 Hun, 66, 33 N. Y. Supp. 876: Church v. Howard, 79 N. Y. 415. This error is too grave to be overlooked, or to permit us to say that it could have had no effect on the result. We therefore feel constrained to reverse the judgment.

The appellant claims that a further error was committed by the admission of the testimony of the plaintiff as to the conversation between herself and the deceased at the time it is alleged some money was paid to the plaintiff on account of her claim. While we doubt whether the objections taken at the trial were sufficient to properly

raise the question that has been discussed before us, still, as the same point may arise on a new trial, we think proper to take notice of it. We are of opinion that the admission of this testimony was erroneous. It called for a personal transaction between the plaintiff and the deceased, and therefore, under section 829 of the Code, plaintiff was not a competent witness to testify to that transaction. The fact that Mrs. Cooper, a legatee under the will of the deceased, testified as to the transaction, did not render the testimony of the plaintiff competent. The estate was sufficient to pay Mrs. Cooper's legacy, regardless of the fate of plaintiff's claim against it; and Mrs. Cooper was not examined on her own behalf, within the terms of the exception contained in section 829.

The judgment appealed from should be reversed, and a new trial granted before another referee, to be appointed at special term; costs to abide the event. All concur.