(66 App. Div. 501.)

## HEALY v. MALCOLM.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. WITNESSES—COMPETENCY—TRANSACTION WITH DECEASED PERSON.
　　Under Code Civ. Proc. § 829, prohibiting a party from testifying in his own behalf against an executor concerning a personal transaction with the decedent, a party cannot testify in an action against an estate as to a conversation had with decedent, though a third person was present at the time, and has testified in regard thereto.

2. EVIDENCE—QUESTION FOR JURY.
　　Plaintiff leased a house, at the request of defendant's testator, for a specific time, to furnish such testator and family with board at an agreed price per week. When looking about for a suitable house, testator objected to one that plaintiff had decided to lease, because the owner would not lease for a time during which testator insisted that they must have accommodations. Before such time had expired, the testator died, and his family moved out. Held, that there was evidence to show an agreement to keep the premises for a certain time, so as to warrant the submission of the question to the jury.

Appeal from trial term, New York county.

Action by Thomas A. Healy against Janet T. Malcolm, as executrix of the estate of James F. Malcolm, deceased. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before PATTERSON, HATCH, LAUGHLIN, and INGRAHAM, JJ.

Carlton B. Pierce, for appellant.
Philip M. Brett, for respondent.

INGRAHAM, J. The plaintiff seeks to recover under a contract made by the defendant's testator by which it was agreed that the latter was to pay $100 per week for the exclusive possession and use of "said Beatty Cottage, and stables and premises, for the said period from June 1st to November 1st, 1900," upon condition that the plaintiff's assignor would provide the service and board and have the general care of the said premises during the said period. It appeared that the defendant's testator and his family took possession of the premises, and continued in exclusive possession thereof under the terms of the agreement until on or about the 17th of July, 1900, upon which date the defendant's testator died while in possession of and occupying the said premises with his family, and that shortly thereafter his family removed therefrom. The defendant alleges that the defendant's testator engaged board for himself and family from the plaintiff's assignor at and for the price and sum of $100 per week; that the defendant's testator received and paid for board under said arrangement from the 1st of June, 1900, to about July 17, 1900, when the arrangement wholly terminated. The plaintiff's assignor testified that she had an interview with Miss Malcolm, a daughter of the deceased, at which Mrs. Malcolm was present; that she told Miss Malcolm that she had no house, but would like to go to the seaside for the summer, and, if Miss Malcolm wished it, she (plaintiff's assignor) would take a house for Miss Malcolm; that, at a subsequent interview with the plaintiff's assignor, Mrs. Malcolm, the wife of the defendant's testator, said that her husband was an invalid and very unwell, and was anxious to get into the country as soon as possible; that she wished plaintiff's assignor to look for a house, and report; that subsequently Miss Malcolm suggested that they should go to Spring Lake and Oyster Bay, and see what houses could be had; that the plaintiff's assignor and Miss Malcolm went to Oyster Bay and to Spring Lake, and looked at several houses, of which a house of a Mr. Beatty at Spring Lake was the most appropriate; that after this the plaintiff's assignor met the defendant's testator for the first time, Mrs. and Miss Malcolm being present; that subsequently she obtained a lease of the Beatty house for the term of five months from the 1st of June, 1900, for $1,200. Miss Malcolm, the defendant, was called by the plaintiff, and testified that the family occupied the premises until after Mr. Malcolm's death.

The defendant called a butler in the employ of the defendant's testator, who testified as to the conversation between the plaintiff's assignor and the defendant's testator at the interview in April; that Mr. Malcolm there said that he would give $100 a week board, and that Mr. Malcolm's family must have the entire second floor; that the plaintiff's assignor asked how long Mr. Malcolm's family would stay; that Mrs. Malcolm said that she could not say definitely, and that the plaintiff's assignor said, "Very well," and offered to come up and assist in looking for a new house in New York, and was willing to go as housekeeper; that Mrs. Malcolm positively stated that she could not say how long they would stay, and that the defendant's testator's family might have to come back at any time.

In rebuttal the plaintiff's assignor was again called, and was asked to state the conversation between herself and the defendant's testator at this interview about which the butler had testified. That was objected to by the defendant, which objection was overruled, and that exception presents the main question to be determined on this appeal.

We think it clear that the witness was not competent to testify to this transaction between herself and the deceased. By section 829 of the Code it is provided that upon the trial of an action a party or person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor of a deceased person, concerning a personal transaction or communication between the witness and the deceased person. The only exceptions to this prohibition are where the executor or administrator of the deceased person is examined in his own behalf, or the testimony of the deceased person is given in evidence concerning the same transaction or communication between the witness and the deceased person. Neither of these exceptions existed in this case. The executrix of the decedent was called as a witness for the plaintiff, but was not examined by the defendant as to any communication between her father and the plaintiff's assignor. The testimony of the butler as to the interview between the plaintiff's assignor and the defendant's testator was not within the exception allowed by the statute. He was a third party, not a party to the action, and not interested in the controversy. This question was presented in the case of Pinny v. Orth, 88 N. Y. 447. In that case, as in this, there was a third party at the interview between the deceased and the surviving party, who testified as to what took place; and the court held that the surviving party was not competent to testify as to transactions between himself and the deceased. This case is cited with approval upon this point in Re Callister, 153 N. Y. 294, 47 N. E. 268, 60 Am. St. Rep. 620, and Boyd v. Boyd, 164 N. Y. 237, 58 N. E. 118.

The parties, however, have requested a determination of the question as to whether, under the testimony in this case, there was any engagement of the defendant's testator to occupy these premises for any particular time. The allegations of the complaint are that the defendant hired the room and accommodations in this house and stable from the 1st of June to the 1st of November, during the period of the lease; and we think, considering all the circumstances, that it was a question for the jury as to whether that was not the intention of the parties. This was not a case where the plaintiff, being the owner or occupant of a house, agreed to board the defendant's testator and his family for an indefinite period, but a case in which the plaintiff's assignor, at the request of the defendant's testator, leased a house for a specific time for the purpose of furnishing the defendant's testator and his family with board at an agreed price per week. It could not be assumed to have been within the contemplation of the parties that where a person had thus, at the

instigation of another, leased a house for a particular period, with the understanding that the whole house should be reserved for the use of the party at whose instigation it was leased, such party could terminate the contract at any time, or in fact could never occupy the premises at all. To sustain the defendant's contention, it must appear that the parties intended that the family of the defendant's testator could have refused to occupy the premises at all, after the plaintiff's assignor had hired the house and incurred the obligation to pay rent for the purpose of furnishing a home for the defendant's testator and his family for the summer. I think it was a fair question for the jury, from the circumstances proved by the plaintiff, whether there was an obligation to occupy the premises under the agreement, and that such occupation was to be for the whole period, from the 1st of June to the 1st of November. Objection was made to one house that was looked at by the plaintiff's assignor and the daughter of the decedent because the house could be obtained until the 1st of October only, the defendant's testator insisting that they must have the accommodations up to the 1st of November. I think there was evidence to show that the arrangement was intended to last until the 1st of November, and that the court correctly refused to dismiss the complaint at the end of the plaintiff's case, but that for the error in the admission of this evidence to which attention has been called there must be a new trial.

The judgment and order are therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.