(99 App. Div. 370)

## HEALY v. MALCOLM.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. WITNESSES—TRANSACTION WITH DECEASED PERSON—EVIDENCE.

Under Code Civ. Proc. § 829, where a witness had testified to a conversation between plaintiff's assignor and deceased, the effect of which was to negative plaintiff's claim, that certain leased premises in controversy were hired for a fixed period, plaintiff's assignor, though entitled to testify in rebuttal that the witness was not present at the times and places mentioned in his testimony, could not testify that she herself had no conversation with deceased.

Appeal from Trial Term, New York County.

Action by Thomas A. Healy against Janet T. Malcolm, as executrix of the estate of James F. Malcolm, deceased. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellant.
Philip M. Brett, for respondent.

¶ 1. See Witnesses, vol. 50, Cent. Dig. § 718.

PATTERSON, J. ·It is unfortunate that the judgment in this case must be again reversed for an error in the admission of evidence. The facts have been so fully considered on two previous appeals (66 App. Div. 501, 73 N. Y. Supp. 259; 77 App. Div. 71, 78 N. Y. Supp. 1043) that it is unnecessary now to refer to them at length. On both of the prior appeals it was considered that the question for the jury was whether the contract sued upon was for a definite term from the 1st of June to the 1st of· November. On the third trial the plaintiff again had a verdict, and the defendant appeals from the judgment entered thereon.

On the last trial, Taylor, a man servant of Mr. Malcolm (now deceased), testified to a conversation between the plaintiff's assignor and Mr. Malcolm and others, the effect of which testimony was to negative the plaintiff's claim that the premises mentioned in the complaint were hired by Mr. Malcolm for a fixed period. This testimony was given by Taylor, and Mrs. Tringham was called in rebuttal, and asked the following question, referring to the testimony of Taylor: "Q. You heard him state that you were present at a conversation in which Mr. James T. Malcolm was present, before he went down and occupied the house that you leased. Will you be kind enough to tell me whether or not you ever saw James F. Malcolm, or had any conversation with him, or was in his presence at the time when this witness Taylor testifies that you were there?" That was objected to· as being within the inhibition of section 829 of the Code of Civil Procedure. The court ruled that the·question was proper, and allowed it to be answered, stating that it was purely in rebuttal, and that the question did not call for the substance or character of any conversation, but only related to Taylor being present at the conversation between the plaintiff's assignor and Mr. Malcolm; and in instructing the jury the court sought to limit the scope of the question. It was answered in the negative. If this question had not included an inquiry as to whether Mrs. Tringham had conversations with Malcolm, it would have been unobjectionable, and would have been within what was said upon that subject in Pinney v. Orth, 88 N. Y. 447. It was competent for Mrs. Tringham to testify that Taylor was not present at the times and places mentioned in his testimony, but she could not go further, and testify that she had no conversation with the deceased, Mr. Malcolm. Walsh v. McArdle, 78 Hun, 411, 29 N. Y. Supp. 169.

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. · All concur.