(50 Misc. Rep. 286)

### BLOODGOOD et al. v. SHORT.

(Supreme Court, Appellate Term. April 24, 1906.)

1. PRINCIPAL AND AGENT—UNAUTHORIZED ACTS OF AGENT—LIABILITIES OF AGENT AS TO THIRD PERSONS.

An agent who makes an unauthorized contract on behalf of his principal is liable to the person dealing with him on the faith that he possessed the authority which he assumed, where the contract is one on which the principal could have been held if the agent had in fact possessed the assumed authority.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 476, 477, 558.]

2. SAME.

A husband employed without authority a broker to procure a purchaser of his wife's land. The broker, relying on the husband's assumed authority, procured a purchaser. The husband did not give to the broker

a written authority to sell, as prescribed by Laws 1901, p. 312, c. 128. *Held,* that the husband was not liable for breach of an implied warranty that he was authorized to employ a broker, since there could have been no recovery against the wife.

3. BROKERS—COMPENSATION—SERVICES.

The right of a broker, employed to procure a purchaser, to his commissions does not accrue until he has notified the owner or agent that he has procured a purchaser.

4. WITNESSES—COMPETENCY—TRANSACTION WITH DECEASED PERSONS.

A broker, suing the representative of a deceased person for breach of warranty based on the fact that decedent, assuming without authority to act as agent for another, employed the broker to procure a purchaser, is not competent, under the express provisions of Code Civ Proc. § 829, to prove that he gave notice to decedent that he had procured a purchaser.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 651, 652.]

Appeal from City Court of New York, Trial Term.

Action by William D. Bloodgood and others against Anna L. Short, as executrix of Edward L. Short, deceased. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Joline, Larkin & Rathbone (Arthur H. Van Brunt, of counsel), for appellant.

James A. Deering (James R. Deering, of counsel), for respondents.

SCOTT, P. J. This is an appeal from a judgment entered upon the direction of a verdict in favor of plaintiffs. The action is by a firm of real estate brokers, and was originally brought against Edward L. Short, now deceased, for the alleged breach of an implied warranty by him that he was authorized, as his wife's agent, to employ plaintiffs as brokers to sell her home. The plaintiffs contend that the deceased, professing to act in behalf of his wife, authorized them to procure a purchaser for the house at the price or sum of $70,000; that in so doing he impliedly warranted that he was authorized to act for his wife in that regard; that in fact he was not so authorized, and consequently that he was guilty of a breach of his implied warranty.

That the deceased authorized plaintiffs to attempt to find a purchaser at $70,000 is substantially admitted by the answer, as is the fact that he was not authorized by his wife to sell the property, or to employ plaintiffs as brokers for that purpose. Assuming that plaintiffs relied upon the presumed authority of the deceased to act in his wife's behalf, and so far fulfilled the terms of their employment that a valid claim against the wife would have accrued if her husband had in fact been authorized to represent and act for her, the facts admitted by the answer would, in general, sustain this action. Baltzen v. Nicolay, 53 N. Y. 467; Simmons v. Moore, 100 N. Y. 140, 2 N. E. 640. As was said in the former case:

"When an agent makes a contract beyond his authority, by which the principal is not bound, by reason of the fact that it was unauthorized, the agent is liable in damages to the person dealing with him upon the faith that he possessed the authority which he assumed."

It is essential, however, to a recovery under such circumstances that the contract be one upon which the principal could have been held if

the agent had in fact possessed the authority which he assumed. Dung v. Parker, 52 N. Y. 494; Baltzen v. Nicolay, supra. Otherwise, as is pointed out in the latter case, the anomaly would be presented of giving a right of action against an assumed agent for an unauthorized representation of his power to make a contract, when the breach of the contract itself, if he had been authorized to make it, would have furnished no ground of action. In the present case no recovery could have been had against the actual owner of the property, even if her husband had been authorized by her to retain the plaintiffs to find a purchaser, for there is neither allegation nor proof that she or her attorney in fact had ever given to plaintiffs the written authority prescribed by chapter 128, p. 312, Laws 1901. Nor did the plaintiffs show by competent legal evidence that they had ever communicated to the deceased the fact that they had procured a purchaser. Assuming that they had been competently and legally employed, no right to a commission would accrue until they had not only found a purchaser, but had notified the owner or her agent of the fact, because until then there could be no refusal. No claim is made of notice to the owner, and plaintiffs are forced to rely upon a notice to the assumed agent. It is sought to show that such notice was given by telephone. The answer admits that some one notified the deceased by telephone that a purchaser had been found, but the answer does not admit that the person so telephoning was one of the plaintiffs; leaving that fact to be established by proof. It was sought to be established by the evidence of one of the plaintiffs that on the day in question he called up the deceased on the telephone, and "got him." We think that this evidence was improperly received, under the provisions of section 829, Code Civ. Proc. Healey v. Malcolm, 99 App. Div. 370, 91 N. Y. Supp. 207. Rejecting this incompetent evidence, there is nothing in the case to show that plaintiffs ever tendered to the deceased the proposed purchaser, so that, if he had been duly authorized to employ plaintiff, and to accept or reject, in behalf of his wife, the proposed purchaser, there is no legal evidence in the case that the opportunity to do so was ever presented to him.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.