## HOCHBAUM v. ROTTER.

(Supreme Court, Appellate Term.  December 11, 1906.)

BROKERS—EMPLOYMENT—CONTRACT—BREACH—MEMORANDUM.

Defendant, without authority from his wife, employed plaintiff as a broker to sell her real estate, but the written authorization to offer the property for sale was not signed by the wife or her attorney in fact as required by Pen. Code, § 640d.  *Held* that, as plaintiff could not have recovered against the wife by virtue of such invalid writing even if defendant had had authority to place the property for sale, defendant was not individually liable for breach of an implied warranty of authority.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Benjamin Hochbaum against Sigmund S. Rotter.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Max Brown, for appellant.
Herman Roth, for respondent.

FITZGERALD, J.  Defendant, without authority from his wife, employed plaintiff as a broker to sell her real estate, and plaintiff seeks to hold defendant for breach of implied warranty.  The paper (claimed to be a written authorization to offer property for sale) furnished plaintiff constitutes no bar to the defense of illegality on the part of the alleged principal.  It is not signed by the owner or her attorney in fact, and while, as a general proposition, it may be claimed that a contract by an agent beyond his authority, by which his principal is not bound, binds the agent personally, it is nevertheless essential to a recovery that the contract be one upon which the principal could have been held if the agent had in fact possessed the authority which he assumed.  It was said in Bloodgood v. Short, by this court (98 N. Y. Supp. 775), "There is neither averment nor proof that the owner or her attorney in fact had ever given to plaintiff the written authority required by section 640d of the Penal Code."  That is exactly this case; the only distinction on the facts being that no pretense of written authorization to sell was made in Bloodgood v. Short, supra, and in this case such pretense is made by means of a concededly invalid writing.  This is truly a distinction without a difference.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.  All concur.