In the Matter of the Estate of THERESA C. McGRATH, Deceased. JEROME F. BREEN, as Executor of THERESA C. McGRATH, Deceased, Appellant; JOHN McGRATH, Respondent.— In a proceeding wherein an executor seeks to set aside a notice of election of a surviving husband to share in the estate of his deceased wife as in intestacy, and for a decree determining that the husband abandoned the deceased within the meaning of subdivision 4 of section 18 and subdivision (c) of section 87 of the Decedent Estate Law, decree of the Richmond County Surrogate's Court denying application of the executor and adjudging that the husband is entitled to elect to take his share of the estate as in intestacy, reversed on the law, with costs to appellant, payable by the respondent, and the matter remitted to the Surrogate's Court for a new hearing. In the light of the fact that respondent, as a witness for the executor, testified that he had not communicated with or supported decedent from the time of the separation and that the executor himself had similarly testified, it was not error to permit respondent to testify, on cross-examination, that he had received no request for support or communication from decedent. (*Kings County Trust Co.* v. *Hyams*, 242 N. Y. 405, 411.) In any event, testimony with respect to failure to make any request for support was adduced, without objection. It was error, however, to permit respondent, over objection, to testify that at the time of the separation decedent had ordered him to leave the house. There had been no interrogation of respondent on direct examination as to this transaction (*Matter of Glasgow*, 209 App. Div. 884), and respondent was not rendered competent to testify to the statement or conduct of decedent by reason of the testimony with respect to the transaction adduced from a witness, not

himself, called by the executor. (*Pinney* v. *Orth*, 88 N. Y. 447, 451–452; *Healy* v. *Malcolm*, 66 App. Div. 501, 503; *Niskern* v. *Haydock*, 23 App. Div. 175, 176–177; cf. *Rogers* v. *Rogers*, 153 N. Y. 343, 350.) An issue of fact as to abandonment was presented and the error was material. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.