EUGENE E. LEWIS, Executor, etc., Respondent, v. ENOS MERRITT, Appellant.

The provision of the Code of Civil Procedure (§ 829), prohibiting a party to an action from testifying in his own behalf against an executor, etc., of a deceased person "concerning a personal transaction or communication between the witness and the deceased person," does not necessarily, and under all circumstances, exclude the evidence of a party so testifying, when it tends only to negative or affirm the existence of such a transaction or communication.

Where the party representing the deceased person has as a witness in his own behalf given material evidence, the adverse party, although precluded from directly proving the existence of such a transaction or communication, may testify as to extraneous facts tending to controvert such evidence, although those facts may incidentally tend to establish the inference that such a transaction or communication has or has not taken place.

In an action brought by an executor for the alleged conversion of certain promissory notes, plaintiff as a witness in his own behalf, testified, that said notes were for some time previous to the death of the testatrix kept in a trunk in her room, that he saw them there on the morning before she died, and on examining the trunk on the following morning he found they had been abstracted. He also testified to facts showing defendant's presence in the room during the last hours of the testator's life. The notes were afterward found in defendant's possession. Defendant claimed that the notes were given him by the testatrix several days before her death, and as a witness in his own behalf, was asked if he "took those notes from any trunk or any person." He also offered to show by his own testimony that he had possession of the notes two days before the death of the testatrix. The testimony was objected to as incompetent under said section, and was excluded. *Held* error.

(Argued January 22, 1884; decided February 10, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 23, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought by plaintiff, as executor of the will of Charlotte J. Lewis, deceased, to recover damages for the alleged conversion of certain promissory notes belonging to the estate.

The facts, so far as material, are stated in the opinion.

*Daniel Morris* for appellant. The plaintiff, as executor and principal legatee, having given evidence concerning a transaction between the deceased and the defendant, under section 829 of the Code and its provisions, the defendant had a right to give evidence concerning the same transaction. (*Holcomb* v. *Holcomb*, 95 N. Y. 316; *Sweet* v. *Low*, 28 Hun, 432.) A witness who gives testimony, either of a subsequent communication or transaction, which tends to show what a prior transaction or communication was, really gives evidence concerning such prior transaction. (*Markell* v. *Benson*, 55 How. 368; *Holcomb* v. *Holcomb*, 95 N. Y. 326.) As plaintiff's objection to the evidence is general, he cannot now avail himself of the objection, as if taken at the trial, under section 829. (*Sandford* v. *Ellithorp*, 95 N. Y. 48.)

*M. A. Leary* for respondent. Under section 829 of the Code, a party can neither affirm nor deny a personal transaction with a deceased person. (*Clark* v. *Smith*, 46 Barb. 30; *Dyer* v. *Dyer*, 48 id. 190; *Stanley* v. *Whitney*, 47 id. 586; *Waver* v. *Waver*, 15 Hun, 227; *Tooley* v. *Bacon*, 70 N. Y. 34; *Fisher* v. *Verplanck*, 17 Hun, 150; *Freeman* v. *Lawrence*, 43 Super. Ct. [11 J. & S.] 288.)

RUGER, Ch. J. The plaintiff, suing as executor of the estate of his mother, Charlotte J. Lewis, was called as a witness on the trial, to sustain the action, and testified that the notes, for the conversion of which suit was brought, were, for some time previous to his mother's death, kept in a tin trunk under the bed in the room occupied by her, and that he saw them there upon the morning before she died; that, upon examining the trunk on the following morning, he found that the notes had been abstracted. They were afterward found in defendant's possession, who, when they were demanded of him, refused to surrender them.

This evidence, showing the possession of the property by the testatrix immediately before her death, with the other facts proved, presumptively established the plaintiff's right to re-

cover. He also testified to facts showing the presence of the defendant in the room where the notes were kept during the last hours of his mother's illness, and the opportunity thereby afforded him, to obtain unauthorized possession of them. The plaintiff's evidence thus tended both to establish ownership of the notes by the testatrix, by creating a presumption arising from the fact of possession, and by inference, to controvert the probability that the defendant came rightfully into possession of the notes, by means of a prior disposition of them, by her.

While the evidence given did not directly involve the relation of a personal communication or transaction between the testatrix and the witness, it tended, by means of the presumption created by it, to negative the possibility of the occurrence of any such transaction or communication, affecting the ownership of the notes prior to the time concerning which the witness spoke.

The defense sought to be established was an alleged gift of the notes by the testatrix to the defendant several days before her death, and some evidence was given in its support. The defendant was then called as a witness in his own behalf, and the following question was put to him by his counsel: "I would ask you whether you took those notes from any trunk or any person?" This was objected to by plaintiff's counsel, excluded by the court, and the defendant excepted. The defendant also testified to a conversation between the testatrix and one Mrs. Merritt, occurring in his presence some two days before the death of testatrix. He then offered to show by his own evidence that at the time of this conversation he had possession of the notes. This was also objected to by the plaintiff, excluded by the court, and an exception was taken to the ruling. It is difficult to appreciate the ground upon which the defendant was precluded from showing that he had possession of the notes previous to, and at the time, when the plaintiff claimed they were in his mother's trunk. Both rulings are attempted to be sustained by the authority of section 829 of the Code of Civil Procedure, it being claimed that the evidence related to a personal transaction or communication between the wit-

ness and the testatrix. To sustain his objection the respondent must demonstrate, that his testimony to the effect that he saw the notes in his mother's possession on the morning preceding her death in no way afforded proof as to the occurrence or non-occurrence of a personal transaction or communication between the deceased and the defendant, and that the proposed evidence of the defendant, controverting the plaintiff's evidence, did involve such a transaction or communication.

We think that both of these propositions cannot be maintained. Neither the evidence given by the plaintiff, nor that proposed by the defendant, directly involved any personal transaction or communication with the deceased, but we think it must be conceded that, to a certain extent, it inferentially did. That being the case, the question arises whether the facts sought to be shown were for that reason obnoxious to the provisions of section 829.

The excluded evidence did not purport to be admissible, nor was it offered, for the purpose of establishing an affirmative defense; but it is claimed to have been competent, as tending to overthrow a fact upon which plaintiff's cause of action solely rested, and which was testified to by the plaintiff alone. While of course it is not competent for a party, when called as a witness in his own behalf against one representing a deceased person, to testify affirmatively as to any transaction or communication had personally with such deceased person, or whether a particular interview between them took place or not, unless his adversary is first examined in reference thereto, or the evidence of the deceased person given on some former occasion is proved on the trial, yet this does not necessarily and under all circumstances exclude the evidence of the surviving party, when it tends to negate, or affirm, the existence of such transaction and communication. The object and intent of the restriction placed upon the survivor, of those engaged in personal dealings and transactions, from giving evidence in relation thereto, will be accomplished, if it is limited to cases which preclude him, from giving such evidence when it is offered for the purpose of establishing an affirmative cause of

action or defense. It is difficult to lay down any general rule which shall cover all possible transactions, but it is safe to say when a party gives material evidence as to extraneous facts, which may or may not, involve the negation or affirmation of the existence of a personal transaction or communication with a deceased person, that the adverse party, although precluded from directly proving the existence of such communication or transaction, may give evidence of extraneous facts tending to controvert his adversary's proof, although those facts may also incidentally involve the negation or affirmation of such personal communications or transactions. We think this question is controlled by our decision in *Pinney* v. *Orth* (88 N. Y. 447). There a witness had testified to certain interviews occurring between the defendant and the plaintiff's intestate during his life-time, and it was held competent for the defendant to testify that he never had interviews with the deceased person at the place and under the circumstances described by the plaintiff's witness. This decision proceeded, not upon the ground that the plaintiff had given affirmative evidence of personal transactions or communications with the intestate, but upon the broad ground that the prohibition of section 829 does not extend so far as to preclude a party from testifying to extraneous facts and circumstances, tending to show that a witness for an adverse party has testified falsely, even though he is thereby called upon to negative the existence of personal transactions and communications between himself and the deceased. (See, also, *Wadsworth* v. *Heermans*, 85 N. Y. 639.)

We are, therefore, of the opinion that the evidence referred to was competent on the two grounds:

*First.* Because it was justified by the affirmative evidence given by the plaintiff reflecting upon the same transaction and communication; and

*Second.* Because it was competent for the defendant to give evidence of any extraneous facts and circumstances which tended to show the falsity of the evidence given by the plaintiff, although such facts also incidentally tended to establish the inference that a personal transaction or communication between

the witness and testatrix had taken place. The proposed evidence was quite material upon the issue tried and decided, and its exclusion deprived the defendant of the advantage of testimony which he had a legal right to present to the jury.

. The judgment should, therefore, be reversed and a new trial ordered, with costs to abide the event.

All concur, except DANFORTH, J., absent.

EARL, J., concurs on the ground that the examination of the plaintiff rendered the excluded evidence competent.

Judgment reversed.