DANIEL H. VIALL AND MARY E. VIALL, PLAINTIFFS, v. JOSEPHUS P. LEAVENS AND OTHERS, DEFENDANTS.

*Evidence — when inadmissible as involving a personal transaction or communication with a deceased person — Code of Civil Procedure, sec. 829.*

In an action of partition the widow of the ancestor was called to testify as to a deed, which was claimed by some of the parties to have been delivered by the deceased at a time prior to his marriage with the witness, while the fact of such delivery was denied by other parties to the action. After a part of the testi-

mony of the witness had been stricken out, as relating to personal communications and transactions with the deceased, she testified in behalf of the persons disputing the delivery of the deed, that she had the custody of the deed before and after its acknowledgment and with the exception of other short intervals down to the time of the trial.

*Held,* that this testimony was properly stricken out, as it was an indirect method of testifying concerning her personal transaction and communication with the deceased, in which he delivered to her the deed and told her to keep it, and its materiality was to the end that that transaction and communication might be inferred.

APPEAL from an order of the Supreme Court, denying a motion for a new trial of a special issue of fact between Ellen M. Banker and others, tried before a referee, appointed by the court, by consent of the parties in an action for partition.

*Seymour Van Santvoord,* for infant defendants, and appellants Nancy and Marion Banker.

*R. A. Parmenter,* for Ellen M. Banker, defendant, appellant.

*Jas. Lansing,* for Ezra B. Banker, defendant and respondent.

LANDON, J.:

This is an action of partition. There is no dispute about the rights of the plaintiff, but the dispute is with respect to an undivided one-fourth which John Banker, now deceased, at one time owned. Ezra B. Banker, a son of John Banker, claims that his father delivered to him a deed of this one-fourth in 1868. Ellen M. Banker, the widow of John, and Nancy Banker and Marion Banker, his infant grandchildren, children of his deceased son Alexander, deny the delivery of this deed and claim that John Banker died seized of the one-fourth in dispute. The referee to whom this issue was referred to hear and determine, reported in favor of Ezra B. Banker's title. The widow and grandchildren appeal. There is no doubt that John Banker, in 1868, did execute, acknowledge and deliver to Ezra B. Banker, a deed of the one-fourth part of the premises. There is no doubt that it was done in pursuance of John Banker's intention to make what he conceived to be an equitable division of his estate among his children. But Ezra B. Banker held the deed only about half an hour, and as he thought it ought to embrace certain personal property also, he took it to the draftsman

for his advice and left it with him. The draftsman appears to have returned it to John Banker, who thereafter kept it, and it never came to the hands of Ezra B. Banker again. An examination of the testimony satisfies us that the finding of the referee in favor of Ezra B. Banker's title, is supported by the evidence and is in accord with the justice of the case. There was a complete and final delivery of the deed to Ezra B. Banker. The referee's opinion upon the facts is satisfactory.

Exceptions were taken by the appellants to the rulings of the referee in striking out certain testimony of Ellen M. Banker upon the ground that it related to personal transactions between herself and John Banker. At the time the deed was delivered to Ezra she was not the wife of John, and therefore if the deed to Ezra should be sustained, she had no dower interest in the premises.

A part of the testimony which was stricken out, on its face showed that it related to personal communications and transactions between the witness and the deceased in his lifetime. After this was stricken out the witness was again examined, and testified under objection to the effect that she had the custody of the deed before its acknowledgment and after its acknowledgment, and with the exception of three short intervals, down to the trial.

The object of this testimony was to support the conclusion that her custody of the deed was John Banker's custody, and that she received it from him and held it for him. That she had and held the deed was an indirect method of testifying concerning her personal transaction and communication with the deceased, in which he delivered to her the deed and told her to keep it; and its materiality was to the end that that transaction and communication might be inferred. She therefore testified "concerning" both transaction and communication, though she did not directly say she had either. The fact she spoke of was in no just sense independent of and extrinsic to the personal transaction and communication, but derived its chief significance from its dependence upon and intrinsic connection with both. The testimony given by Ezra B. Banker did not touch upon any of the communications and transactions of John Banker with this witness, but these transactions and communications are thus sought to be affirmatively introduced into the case to qualify the delivery of

the deed from John Banker to Ezra, and to show that it was not intended to be final, but only as a part of an unfinished purpose or negotiation. That the witness had and held the deed, as she testified, was consistent with its delivery to Ezra, but if she had and held it under instructions from John Banker, those instructions, in connection with other circumstances, would tend to show that the delivery of the deed to Ezra was not a complete delivery. The inferred transaction and communication are, therefore, not simply incidental inferences deducible from an extrinsic circumstance substantial in itself, but are the substantial parts of testimony otherwise unimportant, and, hence, inadmissible under the most liberal cases. (*Lewis* v. *Merritt*, 98 N. Y., 206; *Pinney* v. *Orth*, 88 id., 447; *Wadsworth* v. *Heermans*, 85 id., 639.)

The order of the Special Term denying a new trial should be affirmed, with costs to Ezra B. Banker against Ellen M. Banker, and with costs to the infants out of the fund.

LEARNED, P. J., and BOCKES, J., concurred.

Order affirmed, with costs to Ezra B. Banker against Ellen M. Banker, and with costs out of the fund to infants.