By the Court.—Truax, J.
I cannot agree with plaintiffs that the burden of establishing that the transfers were not fraudulent, rests upon the defendants.
The plaintiffs allege that the transfers were fraudulent, and on them is the burden of establishing that fact. And while it may take less evidence in a case of this kind to convince a court that the transfers were obtained through undue influence, still it does require evidence of that fact, and a court will not presume fraud and undue influence merely from the fact that the conveyance is made by a sister to a brother.
I have read the evidence with great care, and I do not see how the referee' could have come to any other conclusion than the one to which he did come.
In fact there was no evidence presented by the plaintiffs—except the mere fact of the conveyance, which we have seen is not sufficient,—that the conveyances were made through fraud or-undue influence; while the evidence offered by the defendants tends to show that the person who made the assignments and conveyances understood what she did, and was simply carrying out the intentions that she had expressed before.
*282 There were certain objections to the admission of evidence. The material objections arise out of the following state of facts: One of the defendants was asked how long a certain deed (which was one of the deeds that was sought to be set aside), had been in his possession ?
This question was objected to as incompetent, for the reason that it called for evidence of a transaction between the witness and a deceased person.
The objection was overruled and the plaintiff’s counsel excepted.
I am of the opinion that this question did not refer to a transaction between the witness and a deceased person. It may well have been that the deed was not delivered to the witness by the grantor personally.
A question very similar to this was before the Court of Appeals in the case of Lewis, Executor, v. Merritt, reported in 98 N. Y. 206.
That action was brought by an executor for the alleged conversion of certain promissory notes. The plaintiff as a witness ¿n his own behalf, testified that certain notes were for some time previous to the death of the testatrix, kept in a trunk in her room; that he saw them there on the morning before she died, and on examining the trunk on the following morning, he found that they had been abstracted.
He also testified to facts showing defendant’s presence in the room during the last hours of the testatrix’s life. The notes were afterwards found in the defendant’s possession. Defendant claimed that the notes were given him by the testatrix several days before her death; and as a witness in his own behalf, was asked if he took those notes from any trunk or any person; he also offered to show by his own testimony, that he had possession of the notes two days before the death of the testatrix.
This testimony was objected to, as incompetent under section 829 of the Code of Civil Procedure, and was ex- *283 eluded. The Court of Appeals held this to be error and reversed the judgment.
This evidence was competent because it tended to show the falsity of the evidence given by the plaintiffs, or rather of the inferences which the plaintiffs sought to draw from that testimony. It tended to show that the papers had been drawn some two or three years prior to the death of the grantor, and that they had been delivered to the grantee, and that the grantor had allowed the papers to remain in the possession of the grantee for this two or three years. *
The judgment must be affirmed with costs.
Sedgwick, Ch. J., and Dugro, J., concurred.