EMILIE TABER, APPELLANT, *v.* WALTER R. WILLETS AND OTHERS, AS EXECUTORS, ETC., OF STEPHEN TABER, DECEASED, RESPONDENTS.

*Evidence — right of a party in interest to testify as to the existence of a fact although it may tend to establish that a personal transaction has taken place with a deceased person — Code of Civil Procedure, sec. 829.*

Upon the trial of this action, brought by the plaintiff, the widow of Stephen Taber, deceased, against his executors, to recover the possession of a bond and mortgage which she claimed had been given to her by the deceased, but which had been found among his effects and taken possession of by his executors, the plaintiff was sworn in her own behalf and was permitted to testify, under the objection of the defendants, that she had the bond and mortgage in her possession prior to the death of her husband in October, 1885, and from time to time thereafter, and that she had possession of it in February, 1886, at the New York Hotel, where they were then living; that Mr. Taber used to take the paper while acting for her in negotiating an exchange of the bond and mortgage for land to be conveyed to her. Thereafter all evidence given by the plaintiff as to the possession of the bond and mortgage was stricken out as coming within the prohibition of section 829 of the Code of Civil Procedure.

*Held*, that the court erred in so striking it out.

*Wadsworth* v. *Heermans* (85 N. Y., 639); *Pinney* v. *Orth* (88 id., 450); *Holcomb* v. *Holcomb* (95 id., 325); *Lewis* v. *Merritt* (98 id., 209) followed.

APPEAL from a judgment dismissing the complaint, entered in Queens county upon the trial of this action by the court without a jury.

The action was brought to recover the possession of a bond and mortgage claimed by the plaintiff to belong to her, but which being found among the assets of the deceased were taken possession of by the defendants, his executors.

*Wm. G. Low*, for the appellant.

*Albert G. McDonald*, for the respondents.

BARNARD, P. J.:

The plaintiff is the widow of Stephen Taber, deceased. The defendants are his executors. In 1873, one Groff gave a bond and mortgage to Annabella Levitt for $4,500, and this mortgage was assigned by a written assignment to the testator in his lifetime. He

died in 1886, and this mortgage was found among his papers. The widow claims title to the same by gift from her husband. The defendants deny the claim and assert that it was an asset of the deceased. Upon the trial the plaintiff was called as a witness in her own behalf and was sworn. She was asked if she had the possession of the bond and mortgage in her husband's lifetime, and was permitted, under objection as to the competency of the evidence, to testify that she had it in October, 1885, and from time to time thereafter; that she had the possession of it in February, 1886, at the New York Hotel, where they were then living. That Mr. Taber used to take the paper to "settle the matter with Mr. Levitt." The evidence given by the plaintiff "as to her possession of the bond and mortgage," was all stricken out as coming within the prohibition of section 829 of the Code. The first question presented, therefore, is as to the correctness of this ruling.

The Court of Appeals have recently been called to pass upon this section in several reported cases. (*Wadsworth* v. *Heermans*, 85 N. Y., 639; *Pinney* v. *Orth*, 88 id., 450; *Holcomb* v. *Holcomb*, 95 id., 325; *Lewis* v. *Merritt*, 98 id., 209.)

In *Wadsworth* v. *Heermans*, a claimant for certain bonds against a deceased party was permitted to testify that he bought the bonds of a third party; put them in his safe and that the deceased, in his absence, took them out, and that they were not in the name of the deceased. The court say that while the evidence might inferentially negative a personal transaction with deceased, yet that the fact was an undisputed one and that an inference may be formed upon such a fact.

In *Pinney* v. *Orth*, a defendant was permitted to testify in reply to proof by a clerk, of a transaction between a deceased person and the defendant, that he was present at no such interview.

In *Holcomb* v. *Holcomb*, the particular evidence received was held improper under this section, but it was reasserted that an undisputed fact could be proven because the section did not prohibit such evidence, and apart from this section parties generally were witnesses.

In *Lewis* v. *Merritt*, the very point presented is decided. The facts are entirely similar and the only difference between the case there presented and the one in question consists in a reverse of parties. The executors of a deceased person were plaintiffs and the

claim of title was met by an adverse claim derived from a gift by the deceased. The defendant, upon the trial, was not permitted to state that he had possession of the subject of the dispute in the lifetime of the testator.

The Court of Appeals held the ruling to be improper, and that the evidence was admissible, "although such facts also incidentally tended to establish the inference that a personal transaction or communication between the witness and the testator had taken place." (*Lewis* v. *Merritt*, 98 N. Y., 210.) It did not need a written assignment to make a complete gift if all other requisites to make a gift are proven. "It is clear, upon the authorities cited, that choses in action, such as bonds and mortgages and promissory notes not indorsed, may be well transferred by delivery only as a *donatio causa mortis*." The gift of a mortgage in apprehension of death or among the living "may be effected by a simple delivery of the security." (*Westerlo* v. *De Witt*, 36 N. Y., 340.) Admitting the possession of the bond and mortgage to have been in the plaintiff after October, 1885, with occasional periods in which her husband had apparent possession of the same, the proof of the gift was sufficient to go to the jury.

The parties were married late in 1884. In October, 1885, the wife had this bond and mortgage. That was about the time when the deceased and his wife proposed to exchange the bond and mortgage for a house for Mrs. Taber. He stated to a vendor that the bond and mortgage belonged to his wife, and that the cottage which would be taken in exchange for it, was for her. There was a choice of three cottages or the house covered by the mortgage, which it was proposed to give Mrs. Taber, and in March or April, 1886, she selected the house. Mr. Taber was then on his death bed, and said that he "was too feeble to change the paper." He died in a day or two thereafter. There is further proof to the effect that, some six months before his death, the testator said to the plaintiff's sister that he had given the bond and mortgage to his wife and that she was to take therefor a house and lot, and that in the fore part of April, 1886, the deceased proposed to his wife to go out and "settle up that affair of your mortgage." She refused to permit it on account of his health. Upon this evidence, if credited by the jury, a gift may be established to the plaintiff.

If the bond and mortgage was in his actual possession, and there be proof that it was delivered to her with the intent to convey and transfer at once the title thereto, and if the subsequent possession of the paper in the husband is explained by reason of his acting for her in transferring her property for land to be taken to her in exchange, all requirements of a valid gift will be furnished. The question was one for the jury.

The judgment should be reversed and a new trial granted, costs to abide event.

DYKMAN and PRATT, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.