Barnard, P. J.
The question put to the plaintiff upon the trial, whether he had ever seen the note in suit, was not improper. It is true that the plaintiff brought an action on it and that the other party to it was dead, but the fact that plaintiff had once seen the note in no way afforded proof as to the occurrence or non-occurrence of a personal transaction or communication between the deceased and the defendant. Lewis v. Merritt, 98 N. Y., 206.
The entry by the deceased in his books was not proper evidence upon the issue. The general rule is that a party cannot make evidence in his own favor, either by his declaration or by his written entry in his book.
If the declaration of a party is not evidence in his own favor, an entry of the same in a book is no stronger. Churchman v. Lewis, 34 N. Y., 444.
An exception to this rule of evidence is established when the declaration or entry is part of what is termed the res gestee. Such declarations must accompany the acts which they are supposed to characterize, and must so harmonize as to be obviously one transaction. Moore v. Meecham, 10 N. Y., 207.
There was evidence tending to show that the indorsement of interest on the $500, April 6, 1880, was made in the presence of and with the knowledge and assent of the deceased.
The witness Elder testified that the deceased, subsequently to the date of the indorsement, stated that the plaintiff had a $500 note against him, and “that the interest was indorsed on it to the 6th of April, 1880.”
This was sufficient, if credited by the jury, to establish the indorsement as one made at the time and which bound the deceased. The affirmative of the issue was not with the defendant. The plaintiff averred a note and a payment upon it within six years. The answer denied each allegation. This issue was kept up to the time of the verdict of the jury. The only question which remains is one of fact.
The plaintiff holds a note and the defendant holds a receipt, apparently in full, to a date subsequent to it.
There is proof tending to show a recognition of the note as a valid subsisting note after the date of the receipt. The receipt is weakened by the fact that the note remained in the hands of plaintiff after, as claimed by the deceased, it was paid.
*368 Upon the whole case, the decision of the jury must stand.
Judgment affirmed, with costs.
Dykman and Pratt, JJ., concur.