Dwight, J.
—The action was by the heirs-at-law of Jacob Blasei, deceased, to establish a deed of conveyance .alleged to have been made by the defendant, who' was his wife, to the deceased in his lifetime. They demand judgment that the deed be produced, and that they be adjudged owners of the premises as such heirs-at-law, subject to the defendant’s right of dower as widow.
In May, 1874, the deceased, having title, conveyed the premises, without consideration, to one Stubenbord; in May, 1877, he married the defendant; in June, 1877, he procured Stubenbord and wife to convey the premises to the defendant, and in December, 1883, he died intestate.
In order to establish title in the plaintiffs as heirs of the husband, under an alleged deed from the wife, which was not produced, against the wife whose title was of record and, but for the allegation of such deed, was undisputed, the burden was upon the plaintiffs to establish, by clear and satisfactory evidence, not only execution of the deed by the wife, and delivery by her to the husband; but also an adequate, valuable consideration for such conveyance, moving to the wife and enuring to her benefit. So this court has said, in substance, before in this case citing among other authorities, Shepard v. Shepard, 7 Johns. Chan., 57; White v. Wager, 25 N. Y., 328; Winans v. Peebles, 82 id., 423.
Testimony was "given on the trial by the plaintiffs, themselves, tending to show that such a deed was executed and delivered by the defendant to her husband; this testimony was not substantially corroborated in any particular; its *674 credibility, in the light of all the facts and circumstances of the case, was a proper subject for the judgment of the trial judge. He regards it as doubtful in character and as not affording satisfactory evidence of either of the essential facts which the plaintiffs were bound to prove; and he found that neither of those facts was established. A careful review of all' the evidence in the case satisfies us that these findings of fact ought not to be disturbed
This result, if reached without error in the rulings on the trial, would of itself support the judgment. But we think we ought to go further and say that, in our opinion, there is no evidence in support of the proposition of fact, in respect to a consideration, stated above as incumbent upon the plaintiffs to establish.
It is true, the testimony already referred to tended to show that the alleged deed expressed a consideration of $1,200. And this fact, if proved and left alone, would have been one circumstance tending to show a consideration paid. But the circumstance was deprived of all force in that direction, by the evidence of the same witness, who testified that the expression was contained in the deed. He testified that he drew the deed at the request of the parties; that he asked what consideration should be inserted, and that “Mr. Blaesi said he thought $1,200 would be about right; that the property, after the other house was finished, would be worth that much more that it was before.” This plainly shows that the $1,200, if expressed in the deed, did not represent that or any other sum of money paid to the defendant, but only a supposed appreciation of the value of the property, due to improvements made or being made thereupon by the deceased.
The only other evidence said to bear upon the question of consideration is that which tended to show that the deceased expended money on the property before and after the alleged execution of the deed. This, it is manifest, does not in any measure answer the requirements of the rule in regard to the consideration necessary to support in equity a deed from a wife to her husband. That, as we have said, must be a consideration moving to the wife and enuring to her benefit. Improvements put upon a property by the husband in expectation-of its conveyance to himself, and after it is so conveyed, is not such a consideration.
If, therefore, the evidence had established the execution and delivery of the deed, it would still have been void in equity (as at law) for want of consideration to support it.
This leaves to be examined only the question whether any error was committed on the trial, in the reception or exclusion of evidence, which could have affected the findings to the prejudice of the plaintiffs. *
*675 The exceptions argued, all relate to rulings under section 829 of the Code. The first of those rulings admitted the evidence of the defendant as to a transaction between herself, the deceased, and Frederick Blaesi, one of the plaintiffs. The case was within the express terms of the exception to the inhibition of the statute, because Frederick Blaesi had already testified in respect to the same transaction, and the ruling was therefore correct.
The second exception argued, was to the admission of the answer of the defendant to the question, “ was there ever a deed in that desk from you to Mr. Blaesi? ” Several of the plaintiffs had testified that, at several different times, they had seen the alleged deed in that desk which the defendant testified was hers, and contained only his own papers. The question involved no transaction between the defendant and the deceased, and was clearly competent under the decision in Lewis v. Merritt, 98 N. Y., 206.
The question, “ did you ever appear before Mr. Luitz, the commissioner of deeds, or anybody else, to acknowledge a deed?” was competent. The acknowledgment of a deed is no part of the contract between the parties, but only affords a mode of proof of the contract. It would have been competent for the defendant to testify directly that she never acknowledged the deed before a commissioner, as it would have been to testify that she never admitted its execution to any other third person, when she was charged with having made such admission.
Other exceptions to rulings of the court were taken, but none are presented in the argument of counsel, and on examination, none appear to require discussion.
The judgment must be affirmed with costs.
Barker, P. J., Haight and Bradley, JJ., concur.
Judgment affirmed with costs.