## MILLS *v.* MILLS *et al.*

*(Supreme Court, General Term, Second Department.* February 12, 1890.)

1. EQUITY—MISTAKE IN DEED—EVIDENCE.

The father of plaintiff and defendant executed a conveyance to the latter, which, as plaintiff claims, included by mistake 15 acres of woodland owned and occupied by him. There was evidence that the grantor owned a large wood-lot situate between

his farm and plaintiff's; that he fenced off the 15 acres nearest plaintiff by a solid stone fence, and afterwards made a will describing them as "now occupied" by plaintiff. Evidence was also given that when the deed in question was executed it was stated by the grantor that he thought it covered the piece given to plaintiff, and that defendant, who was present, stated that it did not, and that he would correct it, if it was so included. The testimony of the attorney who drew the deed was positive that the 15 acres were inserted by mistake. *Held*, that the evidence was sufficient to sustain a finding that there was such a mistake in the deed.

2. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.
   A question put to defendant, as to whether he had stated that, if the deed included the 15 acres, he would correct the mistake by the grantor, who had since died, calls for a transaction with a decedent, within Code Civil Proc. N. Y. § 829.

Appeal from special term, Orange county.

Action by Harrison Mills, against James M. Mills and Jane H. Mills to have a deed adjudged void so far as a portion of the premises which it purported to convey was concerned. There was a judgment for plaintiff, from which defendants appeal.

Argued before BARNARD, P. J., and DYKMAN, J.

*W. F. O'Neill*, for appellants.    *J. W. Gott*, for respondent.

BARNARD, P. J. In April, 1861, Hezekiah D. Mills, now deceased, made a conveyance of certain land to his son James M. Mills. There was included a piece of 15 acres of woodland, which the plaintiff claims to be a mistake upon the part of the grantor. The evidence of a mistake, while it is very conflicting, seems to support the finding that there was such a mistake made in the deed. The grantor was the father of Harrison Mills and James M. Mills. He had a farm which was near the farm of the plaintiff. Between the two farms there was a 55-acre wood-lot belonging to Hezekiah Mills, deceased. In January, 1884, the deceased fenced off the 15 acres nearest to plaintiff's farm by a solid stone fence. The evidence conflicts as to possession of this piece since, but the probability is in favor of the occupancy of the plaintiff since that time. The testator made a will in 1868, and described the 15 acres as "now occupied by my son Harrison." When the deed to James M. Mills was given, the whole 55 acres was inserted, and it was stated by the grantor that he thought it covered the piece given to the plaintiff. James M. Mills, who was present, stated that it did not, and that he would correct it, if it was so included. The testimony of the attorney who drew the deed is very direct and positive, and, if credited, the 15 or 16 acres was inserted in the deed to James by mistake. His testimony is borne out by the long occupancy of Harrison of the piece, by the will, and by the fact that the 15 acres is a part of the 55-acre tract, all of which was intended to be conveyed, except this piece, long before fenced off, and occupied by Harrison Mills. As has been stated, the old will recognized the occupancy of Harrison.

The defendant James M. Mills was permitted to deny that he gave any direction to the attorney in respect to the deed to himself from his father. He was also permitted to deny that his wife was present, as testified to by Stoddard, and that one Hill, who was present, made no suggestion to Stoddard. These were contradictions to Stoddard. James M. Mills was asked if he had stated that, if the deed included the 15 acres, he would correct the mistake by deceased. This was properly denied. There are cases which permit a party to testify to facts which tend to contradict an uninterested witness as to a transaction between a deceased person and himself. He could say he was not there, if the witness testified he was. He could testify that there was no indorsement on certain bonds, when it was testified to that there were such indorsements. A party can testify that he took securities before a disinterested witness testifies that he did. *Pinney* v. *Orth*, 88 N. Y. 448; *Lewis* v. *Merritt*, 98 N. Y. 206; *Wadsworth* v. *Heermans*, 85 N. Y. 639. In the present case, the testimony called for the transaction itself, and what

took place at it, by James M. Mills, who took the deed from the deceased grantor. Section 829 was designed to forbid the reception of this testimony. Judgment affirmed, with costs.