### PODMORE v. DIME SAV. BANK OF WILLIAMSBURGH.

### SAME v. BROOKLYN SAV. BANK.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

APPEAL—QUESTIONS REVIEWABLE—CREDIBILITY OF WITNESS—MOTION TO DIRECT VERDICT.

　　Where plaintiff and defendant at the close of the trial both moved for the direction of a verdict, the decision of the trial court as to the credibility of a witness is as conclusive on appeal as though it had been passed on by a jury.

Appeal from trial term, New York county.

Actions by John Podmore, administrator, against the Dime Savings Bank of Williamsburgh and the Brooklyn Savings Bank. From judgments in favor of plaintiff entered on direction of a verdict (60 N. Y. Supp. 533), defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Alfred E. Mudge, for appellant Dime Sav. Bank.
Alden S. Crane, for appellant Brooklyn Sav. Bank.
Michael Schaap (Edward Hymes, on the brief), for respondent.

WOODWARD, J. The plaintiff brings these actions against the Dime Savings Bank of Williamsburgh and the Brooklyn Savings Bank to recover sums of money alleged to have been deposited by the plaintiff's intestate with the defendants under the name of "Ann Colwells." The two actions were tried together; the facts being, in their legal aspects, the same in both cases. At the close of the evidence the plaintiff moved for the direction of a verdict, followed by a similar motion on the part of the defendants. The court subsequently directed a verdict in favor of the plaintiff, and from the judgment entered the defendants appeal to this court.

Under the circumstances of these cases, all questions of fact and law were thus submitted to the determination of the trial court. Adams v. Lumber Co., 159 N. Y. 176, 180, 53 N. E. 805. And we have only to examine the cases, to determine whether the conclusions reached are supported by the evidence. In the case of Pod-more v. Institution, 48 App. Div. 218, 62 N. Y. Supp. 961, where the evidence was almost identical with that produced in the cases at bar, the court held that, while there was sufficient evidence to establish a gift causa mortis, the defendant's main witnesses had been unable to identify "the particular pass book in question as one of those which were delivered by the deceased to Mrs. Reilley." The court continues:

"Mrs. Reilley, however, supplied the proof of identification. She was called by the plaintiff for another purpose, and upon her cross-examination she testified that the book in question was given to her by Ann Caldwell. The only objection made to this testimony was that it was not cross-examination. The defendant's counsel then stated that he would make Mrs. Reilley his own witness for that purpose, and there was no further objection to the question. But, while this testimony thus became a proper subject for the consideration of the jury, it was not conclusive. As the defendant practically stood in Mrs. Reilley's shoes, she was to all intents and purposes an interested witness, and her testimony should have been treated as though she were herself the contesting party. The learned trial justice should certainly have submitted the question of her credibility to the jury."

In the cases at bar Mrs. Reilley likewise furnished the proof, if there was any proof, of the identity of the pass book; and the learned trial court, clothed with the powers of the jury by the motions for the direction of a verdict, has found in favor of the plaintiff. The court had the witness in view, having the same opportunity for judging of her credibility that the jury would have had, and the finding of the court is in all respects as conclusive as though the question had been passed upon by the jury.

The remaining questions were fully treated in the case of Pod-more v. Institution, supra, and it does not seem necessary to further discuss either case. The judgments appealed from should be affirmed.

Judgments affirmed, with costs. All concur, except BARTLETT, J., absent.