In the Matter of the Application of EMIL HARRY ADLER, as Administrator, etc., of ANNA B. ADLER, also Known as ANNA ADLER, for an Order of Discovery of Withheld Property, Appellant, *v.* ROSE LEVENE and GEORGE LEVENE, Respondents.

First Department, March 5, 1920.

**Surrogates' Courts—proceeding for discovery of assets of decedent — evidence establishing gift causa mortis — receipt of evidence incompetent under section 829 of Code of Civil Procedure disregarded.**

In a proceeding by an administrator for the discovery of assets of the estate, consisting of two bank books, a policy of life insurance and three rings alleged to have been the property of the decedent but to be in the possession of her mother and brother, evidence *held* sufficient to establish a gift *causa mortis.*

Errors in the reception of evidence incompetent under section 829 of the Code of Civil Procedure may be disregarded, since there was competent evidence sufficient to sustain the decree.

APPEAL by Emil Harry Adler, as administrator, etc., from a decree of the Surrogate's Court of the county of Bronx, entered in the office of said court on the 17th day of June, 1919, made in proceedings for the discovery of assets of the decedent pursuant to sections 2675 and 2676 of the Code of Civil Procedure, directing the appellant to deliver to the respondents certain personal property.

*William S. Evans,* for the appellant.

*Stanley Garten* of counsel [*Palitz & Garten,* attorneys], for the respondents.

LAUGHLIN, J.:

The administrator presented to the Surrogate's Court a petition describing two bank books, a policy of life insurance and three rings, alleged to be the property of the decedent but in the possession of the respondents Rose Levene, the mother of the decedent, and George Levene, her brother. They interposed separate answers claiming title to the bank books and insurance policy under completed gifts to them by the decedent and under gifts to them *causa mortis* by the decedent

on the 19th day of July, 1918, and the answer of the mother claimed title to the rings under a gift *causa mortis* on the 19th day of July, 1918. The issues were tried before the surrogate without a jury by consent and it was decreed by the court that the respondents obtained title by gifts *causa mortis* as claimed in the answers. The theory on which the respondents claim title to the bank books and the policy of insurance is that they were in a locked drawer of the decedent's dresser in the room she occupied in her mother's house on the 19th of July, 1918, and that the delivery thereof by the decedent to them was made by the delivery by her to her mother of the key to the drawer and that decedent had immediately prior thereto taken a fatal dose of poison from which she expected to and did die. There is ample competent evidence to sustain the decree on the theory that this property was so given to the respondents by decedent in anticipation of her impending death; and that the rings were given by the decedent to her mother by actual delivery with intent to pass title on the same theory. The respondent Rose Levene, however, was permitted to testify, over objection and exception duly taken that the evidence was incompetent under the provisions of section 829 of the Code of Civil Procedure, that on said 19th day of July, 1918, the key to the drawer of said dresser was in the decedent's room, and that the witness had an apron on and put the key in the pocket of her apron. She was then asked, " Did you on that day, did you obtain three diamond rings from any person? " To that question like objection was interposed and overruled and the appellant excepted and the witness answered in the affirmative, and then without objection was permitted to describe the rings in question. She then testified, without objection, that she put the rings in the pocket of the apron, where she put the key. The witness was then permitted to testify over like objection and exception that she took the key from someone in her daughter's bedroom. She was then permitted to give further testimony under like objection and exception which was subsequently stricken out. Thereupon she was asked whether she took the key to the drawer of the dresser without the knowledge of any person, to which like objection was taken; the court overruled the objection, remarking that the testimony was taken subject to a

motion to strike it out. The witness answered in the negative, whereupon the appellant moved to strike out that answer, and the ruling thereon is indefinitely shown as follows: " Allowed; exception." The witness was then asked, " Did you take the rings, the three diamond rings that you mention without the knowledge or consent of any person? " and to that question a like objection was interposed, overruled and an exception taken, and the witness answered " No." Appellant moved to strike that answer out. The motion was denied and he duly excepted. The witness was then permitted to testify over like objection and exception that she thereafter kept possession of the key and where she kept it. The appellant claims that most of this evidence was incompetent. The respondents claim it was competent under *Lewis* v. *Merritt* (98 N. Y. 206; 113 id. 386). The questions appear to have been phrased to bring them directly within the authority of that decision, but in that case the evidence was held to be incompetent as original evidence and was only deemed competent as tending to rebut testimony given by the plaintiff which opened the door therefor. In the case at bar the only evidence given by the administrator which it is claimed opened the door was that he saw the property in the possession of the decedent sometime before the day in question. The testimony thus received did not tend to rebut that testimony for it was not claimed that the property was given to the respondents until the 19th of July, 1918. The first decision in the case of *Lewis* v. *Merritt* (*supra*) was distinguished in *Clift* v. *Moses* (112 N. Y. 426, 439), on the ground I have stated; and it is quite clear, I think, that some of the evidence here received was incompetent under the rule finally adopted by the Court of Appeals in *Griswold* v. *Hart* (205 N. Y. 384). The learned surrogate, however, wrote an opinion (107 Misc. Rep. 574), in which he refers to the material evidence on which he based the decree, and in it he makes no reference to the testimony which we regard as incompetent. It is a reasonable inference, therefore, that the decree is not predicated on this incompetent evidence, and since there was other competent evidence sufficient to sustain the decree and from which we are satisfied there was a gift *causa mortis* of this property to the respondents as claimed by them, we think the errors in the reception of the evidence to which reference has been made

may be disregarded under the rule prescribed by section 2757 of the Code of Civil Procedure since we deem the competent evidence sufficient to sustain the decree (See Code Civ. Proc. § 2763), and that the decree may be affirmed.

It follows that the decree should be affirmed, with costs to respondents.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Decree affirmed, with costs