Matter of the Estate of Catherine J. Leonard, Deceased.

(Surrogate's Court, Bronx County, October, 1920.)

**Executors and administrators — exemption for benefit of husband — articles should not be removed before appraisal — Code Civ. Pro. § 2670.**

Upon an application for an order directing the husband of decedent to deliver to her executrix certain specified property, the answer of the husband, while denying the possession of some of the property, admitted his possession of the remainder, to which he claimed title on the ground that it belonged to him

Surrogate's Court, Bronx County, October, 1920. [Vol. 113.

before his wife died and that it became his pursuant to section 2670 of the Code of Civil Procedure. *Held,* that in the circumstances it was the duty of the court to determine the issue of title.

The evidence held insufficient to justify a finding that the husband took possession of more property than he admits by his answer, that he has.

The will not giving the executrix any power or authority over the real estate and all of the devisees of the same not being before the court, delivery of the deeds of the real estate to the executrix as such will not be directed.

A policy of insurance not having been produced before the court and the evidence with reference thereto being vague and unsatisfactory and insufficient to warrant a finding of title in either of the parties to the proceeding, the proceeding as to the property, the possession of which is denied, and also as to the deeds and the insurance policy, will be dismissed.

Upon the death of decedent the legal title to the property, constituting the exemptions from her estate to which the husband was entitled under section 2670 of the Code of Civil Procedure, vested in him with the right of possession.

The removal of the property by the husband in the absence of the executrix, not approved, and an order will be entered that the executrix be permitted to examine the property and have the same appraised for the purposes of an inventory.

APPLICATION for an order directing the delivery of property to an executrix.

Gustav Gunkel, for petitioner.

T. Louis A. Britt, for respondent.

SCHULZ, S. This is an application for an order directing the respondent, who was the husband of the decedent, to deliver to the executrix of her last will and testament, certain property detailed in the petition. The answer denies the possession of some of the property mentioned and admits the possession of the remainder and sets up a claim of title to the latter on two grounds, (1) that such property belonged to

him prior to the death of his wife, (2) that it became his property pursuant to the provisions of section 2670 of the Code of Civil Procedure.

Under these circumstances, the matter proceeded as an inquiry as to the property of which the respondent denied knowledge or possession, and, the issue of title having been raised as to the remainder, it becomes the duty of the court to determine that issue and to make a decree accordingly if it can do so upon the evidence. Code Civ. Pro. § 2676; *Matter of Adler,* 107 Misc. Rep. 574; affd., 191 App. Div. 40.

I conclude that the evidence is not sufficient to sustain a finding that the respondent took possession of more property than that which he admits he has, in his answer. I am also of the opinion that as to the deeds to real estate referred to in the petition, there being nothing in the will which gives the executrix any power or authority over real estate, and all of the devisees of the same not being before the court, the delivery of such deeds to her, as executrix, should not be directed. The evidence with reference to the insurance policy is vague and unsatisfactory. The policy has not been produced before me and the evidence does not warrant a finding of title in either of the parties and is not sufficient to justify an order that it be delivered to the petitioner. I make no determination as to the title to such deeds or policy. The proceeding is dismissed as to the property mentioned in the petition, the possession of which is denied in the answer, and also as to the deeds and insurance policy.

This leaves for consideration the other property which the respondent concedes he has in his possession. I determine that the title to the four pillow tops is in the respondent. The evidence is not sufficient to

sustain the contention of the respondent that he owned the remaining property prior to the death of decedent, and the only question therefore that remains to be determined is whether or not he owns it by reason of the provisions of section 2670 of the Code of Civil Procedure. This section, so far as material, provides as follows:

" § 2670. Exemption for benefit of family. If a person having a family die, leaving a widow or husband, or minor child or children, the following articles shall not be deemed assets, but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children:

" 1. All house-keeping utensils, musical instruments, sewing machine and household furniture used in and about the house and premises, fuel and provisions, and the clothing of the deceased, in all not exceeding in value five hundred dollars  *  *  *."

The decedent died June 2, 1919, leaving a last will and testament in which she made certain bequests and devises and appointed her sister, the petitioner, who had been living with her for some time, the executrix. The respondent, who was living with the decedent at the time of her death, in the absence of the sister and without her knowledge, consent or acquiescence, but before the probate of the decedent's will, went to the premises in question and removed therefrom all of the property which he now admits he has in his possession.

There is no dispute about the fact that the respondent is the husband of the decedent. As such, he is entitled to the exemptions provided for in the section cited (*Matter of Osborn*, 220 N. Y. 595), and upon the death of the decedent the legal title to the property constituting his exemptions vested in him and

the right to possession followed the legal title (*Crawford* v. *Nassoy*, 173 N. Y. 163), although the removal of property under the circumstances narrated was ill advised and such practice is not hereby approved. The personal representative should have an opportunity to examine the property and include the same in the inventory.

Whether or not the respondent has legal title to the property in question by reason of his exemptions, depends of course also upon whether or not that property is worth in excess of $500. Although there is an allegation in the answer that the property is worth $500, there is absolutely no evidence before me upon that subject, and hence I cannot find upon the present state of the record what the value of the property is, and so can reach no determination as to whether or not the respondent is entitled thereto under the section quoted.

Under the circumstances I must either direct a delivery of the property to the personal representative so that she can make an inventory thereof and set apart all or so much thereof as the respondent is entitled to or provide that she be permitted to examine the same and ascertain its value and then take further proof of such value before determining the matter. I think that the latter is the more expeditious way of proceeding and I will therefore set the matter down for November first for a further hearing upon the question of the value of the property referred to. The personal representative is in the meantime to be afforded a full opportunity to examine the property in question and to have the same appraised by persons competent to judge of its value.

Ordered accordingly,