William J. Regan, S.
In this discovery proceeding the executors seek a determination as to whether or not the decedent, Agnes A. Kinch, made a gift to her brother, Lawrence J. Adams, who is also one of the petitioner-executors herein.
Mrs. Kinch’s sister, Connie Smith, testified before this court without a jury that during the afternoon of January 5, 1968 *482 Mrs. Kinch, while preparing to leave for the hospital, asked her to get a hlack leather bag from the closet. There was a long packet in a brown bag in the back of this black leather bag. Mrs. Kinch then said to Connie, “ Will you put that in a plastic bag and put rubber bands around it and when Lawrence comes give it to him and tell him not to let it out of his reach; it’s valuable.” When Lawrence arrived to take her to the hospital, Mrs. Kinch said, “ Lawrence, Connie has a package I want her to give to you, and it’s valuable, and don’t let it out of your reach, hang onto it.” Later that evening, Connie gave the package to Lawrence. It was established that Connie’s testimony was adverse to her own interests and therefore not barred by CPLR 4519.
Carlton W. Fechnay, a retired bank official, testified that two or three days prior to Mrs. Kinch’s death on February 11, 1968 he received a call from Lawrence asking him to go to the hospital to see Mrs. Kinch. When he arrived Mrs. Kinch said, “ Mr. Fechnay, I want you to get Mr. Hetzelt to draw a codicil to my will.” Alfred L. Hetzelt was the attorney draftsman of Mrs. Kinch’s will and he and the witness, Mr. Fechnay, were two of the subscribing witnesses thereto. When asked what she wanted in her codicil Mrs. Kinch said, “I have turned over a package to Lawrence for safekeeping, and I want the codicil to provide that he is to receive that package. ’ ’ Mr. Fechnay then testified as follows: “ Realizing her condition and the time element, and everything else, I said, ‘ Well, Mrs. Kinch, if you want Lawrence to have this package, or the package, why don’t you give it to him? ’ She thought for a moment and she said, ‘ Very well, I will. Lawrence, you may keep the package. ’ ” Lawrence was present in the hospital room during the above conversation. Mr. Fechnay further testified that Mrs. Kinch never told him what was in the package and in response to a question whether he had ever seen the package before, he testified, “ I have never seen the package until today. And I don’t know if this is the package. I am assuming that is the package.”
At the conclusion of the hearing the package was opened in court before all parties. It was found to contain jewelry worth about $29,000, and cash, checks and passbooks having a face value of about $11,000.
Mr. Fechnay testified that Mrs. Kinch was 1 ‘ mentally alert ’ ’ and there is no contrary testimony throughout this proceeding. The uncontroverted testimony is therefore to the effect that Mrs. Kinch was competent to make a gift on February 8 or 9, 1968.
*483 The essential elements of a valid gift inter vivos are a donative intent on the part of the donor, a delivery of the subject matter of the gift to the donee and the acceptance of the gift by the donee. (Beaver v. Beaver, 117 N. Y. 421; Matter of Van Alstyne, 207 N. Y. 298; Matter of Szabo, 10 N Y 2d 94.)
A valid delivery of the subject matter of the gift can be made even though the subject matter is already in the custody of the donee. It has long been held in situations such as this that where the subject matter of the gift is already in the custody of the intended donee any further deliveiy would be an “ Idle and unmeaning ceremony.” (Champney v. Blanchard, 39 N. Y. 111, 116.) In the case of Porter v. Gardner (60 Hun 571, 575) the court said: “ If the article given is at the time in the custody of the donee, the declarations of the donor to the effect that the donee is absolute owner, and characterizing the possession of the donee as absolute, will authorize the inference of complete delivery by the donor.” This rule was further enunciated in Matter of Mills (172 App. Div. 530). See, also, Matter of Pastore (155 Misc. 247, 255) for a comprehensive recital of authorities. Since the gift is beneficial to the donee an acceptance may be implied. (Beaver v. Beaver, supra.)
Respondents contend that the element of donative intent is lacking because at no time did it appear that Mrs. Kinch was aware of the contents of the package. She never identified any of its contents to her sister or to Mr. Fechnay. On the other hand, this situation seems quite analogous to those where a key to a safe-deposit box is delivered a few days before death and the donor, because of his physical condition, was unable to obtain access to it. Under such circumstances a valid gift of the contents of the box has been found, even though the thing given was not identified. (Matter of O’Connor, 199 App. Div. 959; Matter of Adler v. Levene, 191 App. Div. 40; Matter of Sullivan, 133 Misc. 758.) See, also, Matter of Gramm (248 App. Div. 177, revg. 157 Misc. 676, affd. 273 N. Y. 514) where there was no clear proof as to whether the donor knew the contents of the envelope at the time he made delivery to the intended donee. Reference is made in Matter of Delapenha (176 Misc. 732) to identification of the thing given, but in both this and Matter of Van Alstyne (207 N. Y. 298, supra) the decisions turned on whether there was a sufficient divestment of control of the safe-deposit box so as to preclude the possibility that items other than the intended gift were placed in the box after the making of the alleged gift. Since there is no evidence that Mrs. Kinch was other than competent on February 8 or 9, at the time of her statement made before Mr. Fechnay and *484 Lawrence, it is reasonable to assume that she was aware of the contents of the package.
The critical question before the court, however, is whether the proof is sufficient to identify the package turned over by Mrs. Kinch to Connie as being the exact same package which was produced at trial and marked Exhibit 1. Until the time of trial in this court, Connie testified that she had never seen the package since she had turned it over to’ Lawrence on the evening of January 5, 1968, which was almost 11 months previous. Lawrence testified that the package which he received from Connie was opened and re-wrapped on about four different occasions following Mrs. Kinch’s death on February 11, 1968 and that on one of those occasions the brown bag in which Connie said the packet was originally contained was left off. Since Connie was the only person present with Mrs. Kinch when the package was originally handed over by Mrs. Kinch, her testimony is crucial on the issue as to whether that package is the same one which was produced at trial. She testified that the package which she gave to Lawrence at Mrs. Kinch’s direction, “ seemed more compact ” than the package exhibited to her in court. She also testified, 1 ‘ it was not as loose a package as it is now. It had been opened, I guess, but it was in a brown bag and it was compact.” She further testified, “it didn’t seem so loose. It was wrapped closer, if you know what I mean ’ ’. She said afterwards that she did not know the contents of the package and that “ it wasn’t as loose looking as it is now.”
“ Q. And you don’t know anything about it except that this package weighs about what that did? A. Yes.”
Connie agreed that the plastic around the package was ‘ ‘ similar in color and texture” in that it was “ transparent” but she could not say whether it was the same plastic which had been wra; ped around the package at the time Mrs. Kinch handed it to her.
One who claims title to property through a gift must establish it by evidence which is “ clear and convincing, strong and satisfactory.” (Devlin v. Greenwich Sav. Bank, 125 N. Y. 756, revg. 9 N. Y. S. 530; Ridden v. Thrall, 125 N. Y. 572, 576; see, also, Matter of Wiegel, 76 Hun 462, and cases cited therein.)
The testimony of Connie Smith as to whether the package produced in court and marked Exhibit 1 is the same package which she handed to Lawrence on January 5> 1968 falls very short of being clear and convincing.
The only other witness on this issue is Lawrence J. Adams, the alleged donee. Although he is obviously the person inter *485 ested in the event in this proceeding, he was nevertheless permitted to testify to the effect that the package which he received from Connie was the same package which has "been produced in court. Since he is the one who claims the gift, the "burden of establishing this claim rests on him. (Matter of Harter, 24 A D 2d 681; Matter of Buckler, 227 App. Div. 146, 147, 148 and eases cited therein.) His mere possession of the chattels of a deceased person after death is no evidence of a gift. (Podmore v. Dime Sav. Bank, 29 Misc. 393, affd. 55 App. Div. 624.)
In the opinion of the court, the proof in this proceeding, based as it is substantially upon the testimony of the alleged donee, who is entirely interested in the event, falls short of the ‘1 clear and convincing evidence ” required in gift cases. (Matter of Wiegel, supra.)
It is accordingly the decision of this court that the items of jewelry, cash, checks and passbooks which are the subject of this proceeding be deemed to be, and hereby are determined to be assets of the estate, to be accounted for by the executors.